STEPHENS *v.* HAMTRAMCK BOTTLING WORKS.

1. NEGLIGENCE—DAMAGES—TRIAL—INSTRUCTIONS.
   In an action for damages to plaintiff's automobile caused by a collision with defendant's truck, an instruction that the jury must "take into consideration what damage was done to this car, what injury was done in the collision," and determine "what his damage actually was, * * * what a reasonable man would be reasonably and justly entitled to under the circumstances," *held*, to fairly place

before the jury the question as to the damages to which plaintiff was entitled.

2. SAME—EVIDENCE—SUFFICIENCY.

Evidence as to cost of repairs to plaintiff's automobile rendered necessary by defendant's negligence, *held*, sufficient to sustain the verdict rendered.

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted June 6, 1923. (Docket No. 25.) Decided July 19, 1923.

Case in justice's court by J. Earle Stephens against the Hamtramck Bottling Works for damages to plaintiff's automobile. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Walter Phillips* and *William Cohen*, for appellant.

*Henry P. Seaborg*, for appellee.

SHARPE, J. Plaintiff's Studebaker automobile was injured in a collision with a truck owned by defendant. This action is brought to recover the bill paid by plaintiff for repairs, amounting to $200.25. Verdict was rendered and judgment entered for $187.50.

Defendant insists that there was no competent proof of "the reasonable cost of repairs made necessary by defendant's negligence," and that the court erred in instructing the jury "as to the measure and proof of damages." The jury were instructed that they must "take into consideration what damage was done to this car, what injury was done in the collision," and determine "what his damage actually was, * * * what a reasonable man would be reasonably and justly entitled to under the circumstances." We think this instruction fairly placed before the jury the damages to which plaintiff was entitled. No special request was preferred.

The plaintiff testified:

"There was a big dinge or bump, probably eight inches across, right back under the rear seat, and the right bow of the car, the thing that holds the top up, and a strip off the top on the right-hand side was torn off, and the rear right fender was mashed."

The car was taken by him to a Studebaker service station and repairs made. A bill was rendered to and paid by him therefor. It described the work done as follows:

"Put on new quarter right side and new right side bow socket. Bump out body right rear. Bump out all fenders. Repaint car and enamel fenders and hood. Stop ex leak at hot air tube, labor.—200.25."

Plaintiff afterwards procured a statement showing the several items which made up the amount paid. Its introduction as evidence, an objection having been made thereto, was not permitted. The plaintiff then called Destine H. Parker, an "estimator for the Studebaker service," who was competent to testify as to the value of the service rendered. He was shown the rejected statement and permitted to testify, over objection, that the charges made "would be a reasonable price for these various items." There was testimony that "dinges" were "bumped out" of some of the other fenders. The court instructed the jury that they must deduct for such work and for stopping the leak in the hot air tube. The verdict rendered indicates that a liberal allowance was made therefor. We cannot say that there was not some competent evidence to support plaintiff's claim. Its weight was, of course, for the jury. We feel persuaded that we should not reverse this small judgment for the reasons assigned.

It is affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.